UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WOOTEN, | No. 2:25-cv-0873 DC AC (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DONALD J. TRUMP, | |
| Defendant. | |

On March 17, 2025, plaintiff filed this action in pro se and paid the filing fee. ECF No. 1. The case was referred to the undersigned pursuant to Local Rule 302(c)(21). The complaint contains a request for a temporary restraining order and preliminary injunction, which was referred to the undersigned by the District Judge for preparation of findings and recommendations. ECF No. 6. On April 1, 2025, plaintiff filed a First Amended Complaint, again containing a request for a temporary restraining order. ECF No. 8. The undersigned reviewed the First Amended Complaint ("FAC") and, believing that this court lacks subject matter jurisdiction to hear plaintiff's case and that this case must be dismissed, issued an order to show cause requiring plaintiff to identify the basis for subject matter jurisdiction. ECF No. 9. Plaintiff timely responded. ECF No. 12. The undersigned has reviewed plaintiff's response and concludes that the court does not have subject matter jurisdiction, and this case must be dismissed.

////

1

# I. The Operative First Amended Complaint

Plaintiff asserts that this case is a Petition for Redress authorized by the last clause of the First Amendment of the United States Constitution. ECF No. 8 at 4. Plaintiff alleges that federal employees have been improperly fired, and government benefits are threatened by President Trump's executive orders. Id. at 4. Plaintiff contends that Trump's actions violate the constitution and infringe on the separation of powers. Id. at 11. Plaintiff alleges that Trump improperly created the Department of Government Efficiency and appointed Musk, a private citizen, to fire thousands of people without cause. Id. at 5. Plaintiff alleges Trump is violating the separation of powers. Id. at 6.

# II. Jurisdictional Problems

## A. Overview

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019), reh'g denied, No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019). "Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." Rainero v. Archon Corp., 844 F.3d 832, 841 (9th Cir. 2016). Court must dismiss any case over which it lacks subject-matter jurisdiction, and a court must examine whether subject-matter jurisdiction exists, whether or not a motion to dismiss for lack of subject-matter jurisdiction has been brought. Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (noting that courts "have an independent obligation to determine whether subject-matter jurisdiction exists).

Sometimes, even where there would be federal question or diversity jurisdiction, other legal doctrines deprive the court of subject matter jurisdiction. Here, there are two jurisdictional concerns that the court will address: (1) standing, and (2) the political question doctrine.

1  Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1121–22 (9th Cir. 2010) (addressing
2  standing); Corrie v. Caterpillar, Inc., 503 F.3d 974, 982 (9th Cir. 2007) (addressing the political
3  question doctrine).

B. Plaintiff Lacks Standing

To bring a lawsuit, a plaintiff must have "standing," meaning they must have a personal injury that gives them a right to bring the lawsuit. This is required by Article III of the U.S. Constitution. To establish Article III standing, a plaintiff must show: (1) "an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) "a causal connection between the injury and the conduct complained of—the injury has to be fairly ... traceable to the challenged action of the defendant, and not ... the result of the independent action of some third party not before the court"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992) (omissions in original) (internal quotation marks and citations omitted).

Plaintiff does not identify any basis for standing in the First Amended Complaint. However, the court notes that in the original complaint, plaintiff alleged he is a social security beneficiary and sought to "protect the investment, through contributions, he has made in Social Security over the years." ECF No. 1 at 3. Plaintiff also raised concerns about President Trump's education policies and notes that he has grandchildren and great grandchildren who are "in dire need of educational assistance which closing the Department of education will adversely affect to the point they may not be able to continue in school." Id. at 4.

The First Amended Complaint lacks any information that could possibly go to standing, and for that reason the court does not have jurisdiction to hear this case. Even the original complaint, in which plaintiff indicates that he is concerned about the future of his social security income and the potential impact that political policy choices will have on his family and on his own finances, does not satisfy the standing requirement. Plaintiff's concern that he *will* be personally harmed does not confer standing because the harm has not already happened. At this time, the alleged harms remain speculative. Further, even if the court assumes that plaintiff has a

generalized interest in constitutional governance and ensuring that the President is fit for office, that interest is insufficient to demonstrate standing.  See Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 217 (1974) (a litigant's interest cannot be based on the "generalized interest of all citizens in constitutional governance."); United States v. Richardson, 418 U.S. 166, 173–78 (1974) (explaining that a taxpayer's generalized grievance is insufficient for standing); Drake v. Obama, 664 F.3d 774, 779–84 (9th Cir. 2011) (rejecting claims that multiple categories of plaintiffs had standing to challenge the President's eligibility for office).  Accordingly, the court believes that the First Amended Complaint should be dismissed because it does not allege facts sufficient to demonstrate standing.

### C.  The Political Question Doctrine Bars this Case

The political question doctrine is "essentially a function of the separation of powers," Baker v. Carr, 369 U.S. 186, 217 (1962), and it "excludes from judicial review those controversies which revolve around policy choices and value determinations constitutionally committed for resolution to the halls of Congress or the confines of the Executive Branch," Japan Whaling Ass'n v. Am. Cetacean Soc'y, 478 U.S. 221, 230 (1986).  The rule that some governmental actions are beyond the reach of the courts reflects the Constitution's limitation of the "judicial power of the United States" to "cases" or "controversies." U.S. Const. art. III, § 2.  "[N]o justiciable controversy is presented when parties seek adjudication of only a political question." Flast v. Cohen, 392 U.S. 83, 95 (1968).

Article II, Section 4 of the United States Constitution provides that "[t]he President, Vice President and all civil Officers of the United States, shall be removed from Office on Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors U.S. Const. art. II, § 4.  The United States Supreme Court has held that the Constitution deliberately gave the power of impeachment to Congress, not the Judiciary.  Nixon v. United States, 506 U.S. 224, 229, 233–35 (1993).

To the extent plaintiff seeks by this lawsuit to remove President Trump from office or preemptively stop him from issuing any further executive orders to carry out his policy objectives, the court simply has no power to do so.  The question of whether the President is fit

for office and subject to removal is a political question categorically excluded from judicial review. Because resolution of this question rests exclusively with Congress, this Court lacks jurisdiction to consider the issue. Accordingly, the First Amended Complaint appears to be subject to dismissal because the claims are barred by the political question doctrine.[1]

### III.   Plaintiff's Response to the Order to Show Cause

Plaintiff contends that the phrase "subject matter jurisdiction" is not found in the Constitution and, accordingly, "is simply not in the Supreme Law of the Land, and cannot be added by judicial decree." ECF No. 12 at 2. Plaintiff contends that standing and subject matter jurisdiction are "unenforceable myths of the court[,]" whereas the right to petition the government for a redress of grievances is expressly written in the Constitution. Id. at 4. Plaintiff's arguments are legally incorrect; subject matter jurisdiction is not a creation of the judiciary. The concept of subject matter jurisdiction derives from Article III, Section 2 of the Constitution and was codified by Congress as discussed above. This court is bound by the holdings of the Supreme Court and Ninth Circuit Court of Appeals, cited above, that describe the standing requirement and scope of subject matter jurisdiction. Plaintiff has not presented any information indicating that this court has the power to hear his case. Accordingly, the undersigned recommends dismissal.

### IV.   Conclusion

The undersigned recommends that this case be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's

---

[1] The political question doctrine does not pose a categorical bar to all lawsuits challenging specific executive actions. Such suits, however, must be brought by persons who have standing to challenge the particular exercise of asserted executive branch authority at issue.

order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 22, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE