Case 2:25-cv-00873-DC-AC   Document 17   Filed 06/25/25   Page 1 of 3

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WOOTEN,<br><br>  Plaintiff,<br><br>  v.<br><br>DONALD J. TRUMP,<br><br>  Defendant. | No. 2:25-cv-00873-DC-AC (PS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 1, 7, 8, 15) |

Plaintiff Robert Wooten is proceeding *pro se* in this civil action. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 17, 2025, Plaintiff filed a complaint and a motion for temporary restraining order and preliminary injunction to enjoin Defendant Donald J. Trump, and any parties associated with him, "from further issuing, enforcing, aiding, or in any manner continuing" executive orders until a judicial determination has been made regarding the constitutionality of their usage. (Doc. No. 1.) On March 18, 2025, the undersigned referred Plaintiff's motion to the assigned magistrate judge for the issuance of findings and recommendations. (Doc. No. 6.) On April 1, 2025, Plaintiff filed a first amended complaint and an amended motion for temporary restraining order and preliminary injunction requesting the same relief as in his original motion. (Doc. Nos. 7, 8.)

On April 23, 2025, the magistrate judge issued findings and recommendations recommending that this action be dismissed for lack of subject matter jurisdiction. (Doc. No. 15.)

1   Specifically, the magistrate judge found that "Plaintiff does not identify any basis for standing,"
2   the operative first amended complaint "lacks any information that could possibly go to standing,"
3   and Plaintiff's claims are barred by the political question doctrine. (*Id*. at 3–5.) The findings and
4   recommendations were served on Plaintiff and contained notice that any objections thereto were
5   to be filed within twenty-one (21) days from the date of service. (*Id*. at 5.)

6       Plaintiff did not file a document titled "Objections to the Findings and
7   Recommendations." But on May 8, 2025, Plaintiff filed a "motion to alter or amend judgment"
8   (Doc. No. 16), which the court construes as his objections. Therein, Plaintiff contends the
9   magistrate judge's recommendations should be altered and/or amended because he has a First
10  Amendment right to petition the government. (*Id*.) The court finds Plaintiff's contention to be
11  frivolous. The Petition Clause of the First Amendment states that "Congress shall make no law . .
12  . abridging . . . the right of the people . . . to petition the Government for a redress of grievances."
13  U.S. Const. amend. I. This right to petition the government for a redress of grievances includes
14  the right to file suit in a court of law. *See Bill Johnson's Rests., Inc. v. N.L.R.B.*, 461 U.S. 731,
15  741 (1983) ("[W]e recognize that the right of access to the courts is an aspect of the First
16  Amendment right to petition the Government for a redress of grievances."). However, the right of
17  access to the courts does not exist in an "abstract, freestanding" form. *Blaisdell v. Frappiea*, 729
18  F.3d 1237, 1244 (9th Cir. 2013) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Instead, the
19  right is "tethered to principles of Article III standing." *Blaisdell*, 729 F.3d at 1244.

20      Article III standing is a "bedrock requirement" of the court's jurisdiction, *Raines v. Byrd*,
21  521 U.S. 811, 818 (1997), and a litigant must demonstrate standing "to challenge the action
22  sought to be adjudicated in the lawsuit." *Valley Forge Christian Coll. v. Ams. United for*
23  *Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). Further, the Supreme Court has
24  explained that the "standing inquiry" should be "especially rigorous" if reaching the merits of the
25  case "would force [the court] to decide whether an action taken by one of the other two branches
26  of the Federal Government was unconstitutional." *Raines*, 521 U.S. at 819–20. As already
27  addressed in the magistrate judge's findings and recommendations, Plaintiff has not alleged
28  sufficient facts to demonstrate he has standing to bring his claims in this action. (Doc. No. 15 at

4.) Thus, the magistrate judge correctly concluded that this court does not have subject-matter jurisdiction over this action.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's objections, the court concludes the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on April 23, 2025 (Doc. No. 15) are ADOPTED in full;

2. Plaintiff's amended motion for temporary restraining order and preliminary injunction (Doc. Nos. 1, 7) is DENIED;

3. Plaintiff's first amended complaint (Doc. No. 8) is DISMISSED for lack of subject matter jurisdiction; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **June 24, 2025**

Dena Coggins
United States District Judge

3