UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WOOTEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DONALD J. TRUMP,<br><br>　　　　　Defendant. | No. 2:25-cv-00873-DC-AC (PS)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 24) |

　　　　This matter is before the court on Plaintiff's motion for reconsideration of the court's June 24, 2025[1] order adopting the assigned magistrate judge's findings and recommendations and closing this case. (Doc. Nos. 17, 24.)

　　　　In his pending motion, Plaintiff invokes Rules 59(e) of the Federal Rules of Civil Procedure, which applies after judgment has been entered and provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "A timely filed motion for reconsideration under a local rule is a motion to alter or amend a judgment under [Rule] 59(e)." *Bestran Corp. v. Eagle Comtronics, Inc.*, 720 F.2d 1019, 1019 (9th Cir. 1983). A motion for reconsideration filed outside that time period is treated as a Rule 60(b) motion for relief from judgment or order, which "must be made within a reasonable

---

[1] The court's June 24, 2025 order was entered on the docket on June 25, 2025. (Doc. No. 17.)

1

time." Fed. R. Civ. P. 60(c); *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration does not, however, give the moving party a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (citation omitted).

In addition, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered. L.R. 230(j).

Here, Plaintiff's motion for reconsideration does not identify any basis that warrants reconsideration of the court's June 24, 2025 order. Rather, Plaintiff reiterates his grievances against Defendant Trump. (Doc. No. 24.) Thus, Plaintiff's motion for reconsideration will be denied.

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 24) is DENIED; and
2. This case shall remain closed.

IT IS SO ORDERED.

Dated: __December 31, 2025__

_____
Dena Coggins
United States District Judge

2